**Albert M. BILLINGSLEY, Appellant,**

**v.**

**Harley R. WALKER, Individually, etc., et al., Appellees.**

**No. 15082.**

Court of Civil Appeals of Texas.

Houston.

Aug. 24, 1967.

Stuart Haynsworth, Houston, Saccomanno, Clegg & Martin, Houston, of counsel, for appellant.

Stanley B. Binion, Houston, Reynolds, White, Allen & Cook, Houston, of counsel, for appellees.

BELL, Chief Justice.

Appellant sued Harley R. Walker and Gulf Construction Company, a corporation, in their individual capacities, and also sued Walker, Joe H. Reynolds and Helen Carlin Walker as Trustees of a profit-sharing trust created by Gulf Construction Company. The object of the suit was to recover what appellant contended was his vested interest in the trust together with earnings thereon to March 31, 1961, which he asserted to be $11,547.10, plus earnings on his vested portion from March 31, 1961, the amount of the latter being unknown. He also sought to recover $1,000.00 salary, but this is not involved on appeal. Trial was to a jury but at the conclusion of the evidence the trial court sustained appellees' motion for an instructed verdict in their favor. On the verdict, rendered in conformity with such instruction, the court rendered a judgment that appellant take nothing.

The theories of appellant, as shown by his pleading and his brief here, are that he has a vested right, because of the length of his employment with Gulf Construction Company, to the amount set aside to his account as of March 31, 1959, together with earnings thereon since that date, and that the trust has become dry or passive and that distribution should be made to the beneficiaries. He contends in his argument in his brief that at least the provisions of the trust agreement relating to whether an interest becomes vested are ambiguous and evidence might resolve the ambiguity or at least raise a fact issue for the jury as to what was intended concerning the time of the vesting of his interest.

Appellees answered by filing a general denial, the statutes of limitation as prescribed by Articles 5526 and 5527, Vernon's Ann.Tex.Civ.St. and the one year statute as applied to any claim based on any oral agreement. Further, they pled the trust, which was established effective as of April 1, 1953, was to last until twenty-one years after the death of the last surviving participant, or on action by the Board of Directors of Gulf Construction Company or upon said Company's being adjudicated a bankrupt. It was alleged that neither event had occurred. Further, it was alleged that an employee's interest would vest only if the Company should make contributions for five successive years and the Company was not required to make any contributions and that contributions had

not been made since 1956. The result of these allegations is that contributions were made for only four years.

The basis of appellees' motion for instructed verdict was that any claim appellant had arose August 24, 1959, when he left the Company as an employee and suit was not filed until February 9, 1965, and is therefore barred. Further, it was asserted in the motion that there was no evidence to support recovery because the trust agreement provided that an interest should vest only if the Company made contributions for five years or failed to make a required contribution and the evidence showed the Company was not required to make any contribution and that it had made contributions for only four years.

The record does not reveal upon what ground the court sustained the motion.

The case is before us only on the transcript which contains the pleadings, the motion for instructed verdict and the judgment. There is no statement of facts so we are unable to appraise appellant's complaint that the court erred in granting appellees' motion for instructed verdict.

Appellant contends that there are judicial admissions by appellees that at least show the relevant portions of the trust agreement and show an ambiguity concerning when his interest vested and parol evidence might clarify this and show the real meaning of the trust instrument.

We are unable to agree. The trust agreement does not appear in the record. The provisions set out in appellees' pleadings and motion for instructed verdict and appellees' statements made in connection therewith show no vested interest in appellant. The quoted provisions show no ambiguity but are subject only to the construction given by appellees. Too, it is noted that the court's judgment recites that evidence was introduced. There being no statement of facts, and the appellees having cast the burden of proof on appel-

lant by filing a general denial, appellant may have wholly failed to raise a fact issue on any of his theories including any explanation favorable to him on any claimed ambiguity.

Affirmed.